IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA

MAY 1 0 2013

MARIO WILLIAMS,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )
JUSTIN JONES et al.,               )
                                   )
            Defendants.            )

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

No. CIV-13-434-W

## ORDER

On May 3, 2013, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma. Plaintiff Mario Williams, proceeding pro se, was advised of his right to object, see Doc. 8 at 3, and the matter now comes before the Court on Williams' Motion of Objection [Doc. 9].

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of this matter. Venue is proper in this judicial district. See 28 U.S.C. § 1391(b). Case law teaches that a court, however, may sua sponte raise the issue of whether a more convenient forum exists and, if so, transfer the case to that forum under title 28, section 1404(a) of the United States Code. In such instances, the parties should be given the opportunity to address the issue, and the Court finds that Williams has been provided that opportunity.

Section 1404(a) permits the Court to transfer a case to another judicial district "where it might have been brought," 28 U.S.C. § 1404(a), if doing so would serve "the convenience of parties and witnesses," id., and "the interest of justice." Id. The Court 's

initial inquiry, therefore, is whether the action "might have been brought" in the first instance in the proposed transferee forum. The Court must determine not only whether that forum would have jurisdiction over the subject matter of the action and over the defendants, but also whether venue would be proper in that district.

It is apparent from the record that the action might have been brought in the Eastern District of Oklahoma. The district court in that judicial district would have subject matter over the federal claims brought by Williams and in personam jurisdiction over the defendants. Venue would also be proper in that forum. See 28 U.S.C. § 1391(b).

Section 1404(a) also requires this Court to consider the convenience of the parties and the witnesses. In evaluating the former, the record shows that Williams and two of the three defendants reside in the Eastern District: Brian Wideman and Tim Wilkinson, who are employed as Chaplain and Warden, respectively, at Davis Correctional Facility ("DCF"). See Doc. 1 at 2, 3. Only one defendant, Justin Jones, Director of the Oklahoma Department of Corrections, resides in the Western District. See id. at 1.

As to the convenience of the witnesses, the Court finds, as Magistrate Judge Erwin noted, the events giving rise to this lawsuit and the defendants' conduct about which Williams has complained occurred at DFC, which is located in Holdenville, Oklahoma, in the Eastern District of Oklahoma. Thus, any witnesses to those events and to the defendants' actions would arguably reside in that district.

The final factor that bears on the Court's decision is whether a transfer is required "in the interest of justice." This factor requires the Court to examine among other things

2

the connections, if any, between the litigation and each district.[1]  This factor has increased importance where there are significant connections between the proposed forum and the conduct underlying, and giving rise to, the lawsuit.  Moreover, as Magistrate Judge Erwin found, Williams has brought several actions in the Eastern District of Oklahoma and some of those matters may present issues duplicative of the issues raised in the instant case.

Because the Court, in its discretion, finds that a transfer would enhance the convenience of the parties and the witnesses and advance the interest of justice, the Court

(1) ADOPTS the Report and Recommendation [Doc. 8] filed on May 3, 2013;

(2) pursuant to section 1404(a), DIRECTS the Clerk of the Court to transfer this matter to the United States District Court for the Eastern District of Oklahoma;

(3) having determined that a transfer is warranted, DIRECTS the Clerk to also transmit to the Clerk of the Court for the Eastern District (a) Williams' Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], (b) his Motion for Appointment of Counsel [Doc. 3], (c) his Motion for Certification of the Class [Doc. 4], and (d) his Preliminary Injunction Motion [Doc. 5] so that the assigned district judge or magistrate judge in that district may take whatever action, if any, is appropriate on those matters; and

---

[1]Williams has advised that he "chose this Court (venue) on the advice of the Facility counsel," Doc. 9 at 2, because "this Court would be better suited for his complaint due to this Court's liberal judgments." Id.

3

(4) ADVISES Williams that all pleadings and papers to be filed in this lawsuit should hereafter be filed in the Eastern District of Oklahoma and reflect the case number assigned to this case in that district.

ENTERED this _10th_ day of May, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE